The document below is hereby signed.

Signed: December 27, 2018



_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ADRIENNE KEARSE, | ) | Case No. 18-00374 |
| | ) | (Chapter 13) |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| ADRIENNE KEARSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 18-10017 |
| FAIRFAX VILLAGE CONDOMINIUM V, | ) | |
| | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |
| Defendant. | ) | |

MEMORANDUM DECISION AND ORDER DIRECTING THE
PARTIES TO SHOW CAUSE WHY DEFENDANT'S LIEN
OUGHT NOT BE LIMITED TO THE $2,013.63 OWED FOR
THE SIX MONTHS PRECEDING ITS LIEN RECORDING ON NOVEMBER 3, 2016

The plaintiff, Adrienne Kearse, the debtor in the main

bankruptcy case, Case No. 18-00374, sought by her complaint in

this adversary proceeding to strip off the lien of the defendant,

Fairfax Village Condominium V ("the Condominium"), against

Kearse's condominium unit as wholly unsecured on the basis that

it is junior to an earlier first deed of trust, granted to Bank

of America, that exceeds the value of the unit.[1]  The Condominium

has filed a *Memorandum of Points and Authorities in Support of*

*Defendant's Motion for Summary Judgment* ("*Motion*") (Dkt. No. 18).

The Condominium notes two liens, dated July 7, 2009, and

October 17, 2016, and recorded September  4, 2009, and November

3, 2016, respectively.  *Motion* at 3 n.2.  However, its proof of

claim in the bankruptcy case is limited to the lien dated October

17, 2016, in apparent recognition that its lien dated July 7,

2009, is no longer enforceable.[2]

The Condominium contends that its lien recorded November 3,

2016, is senior to Bank of America's lien.  The Condominium

failed to file a reply to Kearse's opposition to the *Motion* and

failed to appear at the hearing on the *Motion*.  Despite the

Condominium's failure to appear at the hearing, it appears that

the proceeding can be disposed of as follows.

---

[1]  Bank of America has assigned its claim to another entity,
but for ease of discussion I will refer to the deed of trust as
though it is still held by Bank of America.

[2]  D.C. Code § 42-1903.13(e) provides:

> The lien for assessments provided herein shall lapse and
> be of no further effect as to unpaid assessments (or
> installments thereof) together with interest accrued
> thereon and late charges, if any, if such lien is not
> discharged or if foreclosure or other proceedings to
> enforce the lien have not been instituted within 3 years
> from the date such assessment (or any installment
> thereof) become due and payable.

I

As provided by § 42-1903.13(a)(1)(B), a condominium

association's lien is generally junior to a first mortgage or

deed of trust for the benefit of an institutional lender on the

unit "recorded before the date on which the assessment sought to

be enforced became delinquent."  The only exception to that

general rule is the provision in § 42-1903.13(a)(2) that the

association's lien is senior the first mortgage "to the extent of

the common expense assessments . . . which would have become due

in the absence of acceleration during the 6 months immediately

preceding institution of an action to enforce the lien or

recordation of a memorandum of lien against the title to the unit

by the unit owner's association."  As stated in *Chase Plaza*

*Condo. Ass'n, Inc. v. JPMorgan Chase Bank, N.A.*, 98 A.3d 166, 173

(D.C. 2014),

> the Act effectively splits condominium-assessment liens
> into two liens of differing priority: (1) a lien for
> six months of assessments that is higher in priority
> than the first mortgage or first deed of trust —
> sometimes called a "super-priority lien" — and (2) a
> lien for any additional unpaid assessments that is
> lower in priority than the first mortgage or first deed
> of trust.

In her opposition to the *Motion*, Kearse now concedes that, in

light of § 42-1903.13(a)(2), part of the Condominium's lien is

senior to the Bank of America lien.

Here, Bank of America's proof of claim reveals that it

recorded its first deed of trust against the property on July 14,

2011.  The Condominium's proof of claim filed in the main

bankruptcy case relies on a notice of lien executed on October

17, 2016, and filed (according to the *Motion*) on November 3,

2016.  Under § 42-1903.13(a)(2), the Condominium has a super-

priority lien with respect to "the common expense assessments . .

. due . . . during the 6 months immediately preceding . . .

recordation of [the] memorandum of lien against the title to the

unit . . . ."

    The Condominium's proof of claim in the main case shows that

for the six-month period of May 3, 2016, to November 3, 2016,

$2,013.63 in charges are claimed, consisting of $1,522.75 in

monthly common expense assessments, $140.00 in late charges, and

$350.88 in legal fees.  The Condominium's proof of claim includes

no claim for interest.  Under § 42-1903.13(a)(2), which limits an

association's super-priority lien "to the extent of the common

expense assessments" that came due in the six months before the

filing of the notice of lien, the Condominium's super-priority

lien is arguably limited in amount to the common expense

assessments of $1,522.75.  However, § 42-1903.13(a)(2) only

limits what liens for assessments are to be treated as a super-

priority lien, and does not purport to limit what amounts are

recoverable pursuant to that super-priority lien.  Under D.C.

Code § 42-1903.13(a), an assessment once due "along with any

applicable interest, late fees, reasonable expenses and legal

fees actually incurred" constitutes a lien.   Moreover, if a unit

association enforces such a senior lien in a foreclosure sale,

D.C. Code § 42-1903.13(c)(6) directs that the proceeds are to be

applied:

> (A) To any unpaid assessment with interest or late
> charges;
> (B) To the cost of foreclosure, including but not
> limited to, reasonable attorney's fees; and
> (C) The balance to any person legally entitled to
> the proceeds.

This evidences that the amounts owed pursuant to an association's

super-priority lien for assessments for common expenses due

during the six months prior to recordation of the lien include

interest or late charges and reasonable attorney's fees.

Accordingly, it appears that the Condominium has a super-priority

lien for $2,013.63 (consisting of $1,522.75 in monthly common

expense assessments, $140.00 in late charges, and $350.88 in

legal fees).

II

The Condominium further argues that based on the doctrine of

equitable subrogation, its lien should have priority over Bank of

America's lien, citing *Eastern Savings Bank v. Pappas*, 829 A.2d

953, 957 (D.C. 2003) ("subrogation is the substitution of one

person to the position of another, an obligee, whose claim he has

satisfied").   The *Motion* indicates that Bank of America's loan,

made in 2009 to Kearse, paid off an existing deed of trust loan

5

and extinguished that deed of trust.  Bank of America might have

been entitled to be equitably subrogated to that prior lender's

lien.  However, the argument that the Condominium should be

entitled to equitable subrogation makes no sense, and I reject it

as frivolous.

                                  III

     The Condominium asserts that a representative from Bank of

America initiated contact with the Condominium's counsel's office

on April 19, 2018, in an effort to secure a priority lien

position, thereby acknowledging the Condominium's priority lien

status.  At most, such contact was a recognition that part of the

Condominium's lien had priority status, consistent with

§ 42-1903.13(a)(2) and *Chase Plaza Condo. Ass'n*.

                                   IV

     Finally, the Condominium argues that Kearse and Bank of

America will be unjustly enriched at the expense of the

Condominium and the other homeowners in the community if the

Condominium's lien is avoided.  However, § 42-1903.13(a)(2)

specifies the limited extent to which the Condominium's lien is

entitled to priority over a first deed of trust.  There is no

dispute that Bank of America's lien exceeds the value of Kearse's

property.  To the extent that the Condominium's lien is not a

super-priority lien and is thus a lien junior to Bank of

America's lien, the Bankruptcy Code permits Kearse to strip off

that wholly unsecured junior lien.

V

In light of the foregoing, it is

ORDERED that by January 16, 2019, the parties shall show cause in writing why the court ought not hold that the portion of the Condominium's lien that is a super-priority lien is for the amount of $2,013.63 (consisting of $1,522.75 in monthly common expense assessments, $140.00 in late charges, and $350.88 in legal fees), and that its lien, except for the portion that is a super-priority lien, is avoidable based on its being junior to the Bank of America lien that exceeds the value of the subject property.  It is further

ORDERED that by January 23, 2019, each party may file a reply to the other party's response to this order.  It is further

ORDERED that the parties appear before this court on January 31, 2019, at 10:30 a.m. for a hearing on the issues addressed by this order unless the court earlier enters an order disposing of the issues.  It is further

ORDERED that the parties confer to attempt to reach a consensual resolution of this proceeding and to submit a proposed order in that regard.

[Signed and dated above.]

Copies to: Recipients of e-notification of filings.