The document below is hereby signed.

Signed: January 28, 2019



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ADRIENNE KEARSE, | ) | Case No. 18-00374 |
| | ) | (Chapter 13) |
| Debtor. | ) | |
| | ) | |
| | ) | |
| ADRIENNE KEARSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 18-10017 |
| FAIRFAX VILLAGE CONDOMINIUM V, | ) | |
| | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |
| Defendant. | ) | |

MEMORANDUM DECISION AND ORDER DIRECTING THE
SCOPE OF THE HEARING SET FOR JANUARY 31, 2019

In the court's *Memorandum Decision and Order Directing the Parties to Show Cause Why Defendant's Lien Ought Not Be Limited to the $2,013.63 Owed for the Six Months Preceding its Lien Recording on November 3, 2016* ("*Show Cause Memorandum Decision*") (Dkt. No. 28), the court ordered the parties to show cause why the lien belonging to the defendant, Fairfax Village Condominium ("Fairfax Village"), on the property located at 3805 W Street,

SE, Washington, D.C. 20020 ("Property") ought not be limited to $2,013.63.  Fairfax Village filed *Defendant's Response to the Court's Show Cause Order of November 20, 2018* ("Response") (Dkt. No. 24), on January 16, 2019, wherein Fairfax Village contends that its lien ought not be stripped because (1) its lien is senior to the earlier deed of trust, granted to Bank of America,[1] and (2) the super-priority lien extends to each six months of unpaid common expenses assessments incurred for each year preceding the filing of its memorandum of lien and its institution of a foreclosure action.  Fairfax Village also seeks legal fees, asserting the complaint was filed in bad faith.  The plaintiff filed her reply to Fairfax Village's response on January 23, 2019.

The court will address the issues the defendant raised in its *Response*, but as will be discussed below, there are a several issues that need to be resolved before the court can enter a final ruling on this matter including (1) whether the super-priority lien should apply to the six months immediately preceding the institution of Fairfax Village's foreclosure proceeding or the six months immediately preceding the recording of the memorandum of Fairfax Village's lien, (2) whether Fairfax Village is entitled to legal fees, and (3) the extent of any

---

[1] I will continue to refer to the deed of trust as though it is still held by Bank of America for ease of discussion, as I did in the *Show Cause Memorandum Decision*.

legal fees Fairfax Village may be entitled to recover. Accordingly, the court will make the hearing set for January 31, 2019, at 10:30 a.m., an evidentiary hearing to allow the parties to address these and any other issues still before the court.

I

I reject two of the arguments raised by Fairfax Village. First, Fairfax Village contends that Fairfax Village's lien should not be avoided because its super-priority lien would extinguish Bank of America's lien, and all other junior liens, on the Property in a foreclosure sale. Second, Fairfax Village asserts that its super-priority lien extends to the six months of unpaid common expenses assessments for each year assessments were not paid.

    A.    Whether Fairfax Village's Super-Priority Lien Would Extinguishing Other Liens is Irrelevant in a § 506 Proceeding.

Fairfax Village asserts that its lien should not be avoided because Fairfax Village's super-priority lien would extinguish junior liens, including Bank of America's first mortgage. However, the issue of whether Bank of America's first mortgage would be extinguished by a foreclosure action initiated by Fairfax Village on its super-priority lien is irrelevant as to whether Fairfax Village's non-super-priority lien can be avoided under 11 U.S.C. § 506(d). The court does not consider what might happen in a foreclosure sale when deciding the value of a lien

under § 506.  The court considers the value of the Property, and the value of each lien on the Property according to each lien's priority.  The plaintiff asserts in the complaint that the value of the Property is $87,816.00.[2]  As will be shown below, Fairfax Village's super-priority lien is somewhere between $1,662.75 and 1,768.68.  The value of the Property is still greater than Fairfax Village's super-priority lien, and under 11 U.S.C. § 506(a), Bank of America has an allowed secured claim against the Property to the extent of the value of the Property minus the amount of Fairfax Village's super-priority lien.  This is still true if Fairfax Village is entitled to legal fees as part of its super-priority lien.  It is clear that Bank of America's security interest[3] would swallow up the remainder of any value in the Property leaving the remainder of Fairfax Village's lien, that is not given super-priority status under D.C. Code § 42-1903.13(a)(2), wholly unsecured.

   The plaintiff is permitted under § 506(d) to avoid a lien to the extent it is unsecured.  The portion of Fairfax Village's

---

[2] The court does not find that the value of the Property is $87,816.00, because it is unnecessary for the court to determine the value of the Property at this juncture.  Fairfax Village's super-priority lien comes nowhere near the value of the Property, and Bank of America's first mortgage far exceeds the value of the Property.  Therefore, it is clear that the full extent of Fairfax Village's super-priority lien is secured, while the remainder of Fairfax Village's non-super-priority lien is unsecured.

[3] The parties do not request in this adversary proceeding, and I need not decide, the extent of the Bank of America's secured first mortgage.

lien that is not given super-priority status under D.C. Code § 42-1903.13(a)(2) is therefore avoidable under § 506(d).

    B. Fairfax Village's Super-Priority Lien Only Extends to the Immediately Preceding six Months to its instituting an Action to Enforce the Lien or Recording of the Lien.

Fairfax contends that under the Uniform Common Interest Ownership Act ("UCIOA") § 3-116(c), its super-priority lien is not limited only to six months, but "to the extent of six months of unpaid common expense assessments each year, based on each year's periodic budget as adopted by the association for the applicable year."  This may be true under the UCIOA, but it is not true under the D.C. Code.  The equivalent provision under the D.C. Code says:

> The lien shall also be prior to a mortgage or deed of trust described in paragraph (1)(B) of this subsection . . . to the extent of the common expense assessments based on the periodic budget adopted by the unit owners' association which would have become due in the absence of acceleration during **the 6 months immediately preceding institution of an action to enforce the lien or recordation of a memorandum of lien against the title to the unit by the unit owners' association.**

§ 42-1903.13(a)(2) (emphasis added.)  The D.C. Code makes explicitly clear that Fairfax Village's lien is granted super-priority status *only* to the extent of the six months immediately preceding the institution of an action to enforce the lien or recordation of the lien.  This means that Fairfax Village may only claim a super-priority status of its lien for six months immediately prior to Fairfax's institution of its action to

5

foreclose on the Property (November 18, 2017 - May 18, 2018) or the six months immediately prior to recordation of its lien (May 3, 2016 - November 3, 2016).

### III

The overriding issue left for the court is the issue of which time period is Fairfax Village entitled to a super-priority lien.  However, as will be shown below, there are several issues regarding the extent of Fairfax Village's super-priority lien that cannot be decided at this juncture.

The statute clearly says that Fairfax Village can claim either the six months immediately preceding the institution of an action to enforce the lien, or the six months prior to the recordation of a memorandum of lien.  The court was unaware of the foreclosure action when it wrote its earlier decision, and the court set the amount of the super-priority lien based on the six months immediately preceding the recordation of the lien. However, Fairfax Village asserted, and the plaintiff acknowledges, that Fairfax instituted foreclosure proceedings on May 18, 2018.  Accordingly, Fairfax Village may, alternatively, be entitled to the six months immediately preceding May 18, 2018.

The statute does not specify which six-month period is to apply, with the result that the statute allows the condominium association to choose either period.  Assuming Fairfax Village would choose the more advantageous period, it is not clear which

period is more advantageous. In the *Show Cause Memorandum Decision*, the court recognized that the statute would allow Fairfax Village to collect on late fees and legal fees associated with the super-priority lien. However, the statute only allows the collection of such fees "payable by a unit owner under the condominium instruments." D.C. Code § 42-1903.13(a). Neither party has filed a copy of the condominium instruments showing whether the plaintiff would be required to pay legal fees. Accordingly, the court cannot determine whether it should include legal fees as part of the super-priority lien until evidence is presented showing that Fairfax Village is entitled to legal fees.

Fairfax Village asserts that it is entitled to legal fees because, in light of the super-priority status of Fairfax Village's lien, the complaint was filed in bad faith. Generally, parties do not have a legal right under the "American rule" to recover legal fees. However, the Supreme Court has recognized that courts can grant attorneys fees under the court's inherent powers where "the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Alyeska Pipeline Co. V. Wilderness Society*, 421 U.S. 240, 258-59 (1975) (quoting *F.D. Rich Co., Inc. v. United States for use of Indust. Lumber Co, Ind.*, 417 U.S. 116,129 (1974)). However, as has already been discussed above, the debtor has a right to avoid Fairfax Village's non-super-priority lien under § 506(d). There

is no evidence in Fairfax Village's *Response* to suggest that this adversary proceeding has been filed in bad faith, vexatiously, wantonly, or for oppressive reasons.

On the other hand, the condominium instruments may provide for legal fees under certain circumstances. Without those instruments, the court is unable to determine whether Fairfax Village would at any time be entitled to legal fees, and if so, whether it is entitled to them in this instance.

If the instruments allow a recovery of legal fees, the court only has a record of legal fees to August 1, 2018, and Fairfax Village may be entitled to legal fees since August 1, 2018, related to the enforcement of its super-priority lien. Fairfax Village asserts in its *Response* that it is seeking $4,048.86 in legal fees. However, the *Response* does not provide the dates of service, or the services provided in order for the court to determine whether the fees are reasonable, whether the fees include the fees prior to August 1, 2018, and whether the fees are related to the enforcement of Fairfax Village's super-priority lien.

Additionally, Fairfax Village should not include in its assessment any costs related to its frivolous argument that it is entitled to six months of unpaid common expenses assessments for each year for which assessments were not paid. The statute clearly does not extend such an expansive right on Fairfax

Village's super-priority lien, and Fairfax Village is not entitled to any fees incurred in its counsel making such a frivolous argument.

If legal fees are not recoverable, the six months immediately preceding the **initiation of the foreclosure action** would yield a super-priority lien of $1,786.68, consisting of $1,606.68 in monthly common expense assessments, and $180.00 in late charges.  The six months immediately preceding the **recordation of the lien** would yield a super-priority lien of $1,662.75, consisting of $1,522.75 in monthly common expense assessments, and $140.00 in late charges.  On the other hand, if Fairfax Village is entitled to legal fees, Fairfax Village will have a super-priority lien for either (1) the six months prior to the **institution of its foreclosure action** in the amount of $3,176.25, which includes $1,389.58 in legal fees, or (2) the six months immediately preceding the **recordation of the lien**, in the amount of $3,403.20, which includes $1,710.45 in legal fees. Therefore, the issue of whether Fairfax Village is entitled to legal fees, and which six-month period to which the super-priority lien relates, as the period most advantageous to Fairfax Village, are matters that still need to be resolved.

III

In light of the foregoing, it is

ORDERED that at the hearing set for January 31, 2019, at

10:30 a.m. shall be an evidentiary hearing (and the parties shall comply with LBRs 9070-1(a), (b), (c), and (d), and 9073-1) where the parties shall present evidence showing whether:

- Fairfax Village is entitled to legal fees under the condominium instrument,
- the extent of any legal fees, but not any legal fees for developing the frivolous argument that Fairfax Village is entitled to the six months of unpaid common expenses assessments for each year assessments were not paid, and
- whether the super-priority lien ought to apply to the six months immediately preceding the institution of the foreclosure action or the six months immediately preceding the recording of the memorandum of lien.

[Signed and dated above.]

Copies to: Recipients of e-notification of filings.